UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
:
MARIE T. MAGUIRE, *as Executrix for the Estate of*          :
THOMAS K. MAGUIRE, and MARIE T.                            :
MAGUIRE, *Individually*                                    :          14 Civ. 7578 (PAE)
:
Plaintiff,          :          OPINION & ORDER
:
-v-          :
:
A.C. & S., INC., et al.,          :
:
Defendants.          :
:
-------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 11/21/14

PAUL A. ENGELMAYER, District Judge:

Plaintiff Marie T. Maguire ("Maguire"), individually and as executrix for the estate of

Thomas K. Maguire, brought this personal-injury action in New York state court for injuries

arising out of Thomas Maguire's alleged exposure to asbestos. Of the many defendants, one,

Crane Co. ("Crane"), removed the case to this Court, under 28 U.S.C. § 1442(a)(1). Maguire

now moves to remand the case to New York State Supreme Court, arguing that Crane's removal

was untimely and that the Court lacks subject matter jurisdiction. For the following reasons, the

remand motion is denied. However, the Court grants Maguire leave (1) to amend the complaint

so as to unambiguously be free of any federal claims or defenses, and thereafter (2) to move for

remand, on the grounds that the Court should not exercise supplemental jurisdiction over this

matter.

I.      **Background**[1]

In 1998, Maguire and her husband, Thomas Maguire, filed this action in New York State

Supreme Court, in Manhattan.  Dkt. 10, Ex. 1.  In April 2001, the Maguires filed the FAC,

adding Crane, among many corporate entities, as a defendant.  Dkt. 10, Ex. 2.  The FAC alleges

that Thomas Maguire sustained personal injury as a result of exposure to asbestos, including as

contained in products or insulation manufactured by various defendants, including Crane.  *Id.*

On March 5, 2008, Thomas Maguire was diagnosed with lung cancer, and on April 14, 2008,

Thomas Maguire died.  Dkt. 10, Ex. 5.  In February 2009, the SAC was filed, substituting

Maguire, as executrix of Thomas Maguire's estate, for him.  Dkt. 10, Ex. 3.

On February 26, 2009, Maguire filed a document entitled Plaintiff's Initial Fact Sheet

("IFS") in the official file within the New York County Clerk's Office.  Dkt. 10, Ex. 4.  The IFS

indicated that Thomas Maguire had served in the United States Navy, including serving aboard

the USS Hornet and USS Kitty Hawk from 1962 through 1963.  *Id.*  This document was not,

however, served upon Crane.

On August 19, 2014, Maguire served responses to certain defense interrogatories.  Dkt.

10, Ex. 5.  These interrogatory responses assert that Thomas Maguire was exposed to asbestos

---

[1] These facts are drawn from the First Amended Complaint, Dkt. 2, Ex. 1 ("FAC"), and Second Amended Complaint, Dkt. 2, Ex. 1 ("SAC").  In resolving this motion, the Court treats all facts alleged in the FAC and SAC as true.  *See Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (citations omitted)).  The Court also considered documents attached to Maguire's memorandum of law in support of her remand motion, Dkt. 10 ("Pl. Br.") and the declarations attached to Crane's notice of removal, Dkt. 2.  *See Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002), *reconsideration denied*, 2002 WL 531016 (S.D.N.Y. Apr. 8, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, 'federal courts may look outside [the] pleadings to other evidence in the record,'" and therefore the court will consider "material outside of the pleadings" submitted on a motion to remand. (citation omitted)).

while he served as a metal smith in the Navy from 1958 to 1961, and later while working as a steamfitter aboard the USS Hornet and USS Kitty Hawk from 1962 through 1963. *Id.*

On September 18, 2014, Crane filed a notice of removal to this Court, on the grounds that Crane was entitled to assert a federal-contractor defense. Dkt. 2. On October 7, 2014, Maguire moved to remand pursuant to 28 U.S.C. § 1447(c), arguing that the removal had been untimely and that this Court lacked subject matter jurisdiction. Dkt. 10 ("Pl. Br."). On October 21, 2014, Crane filed its opposition to the motion to remand. Dkt. 22 ("Def. Br."). On October 24, 2014, Maguire submitted a reply. Dkt. 27 ("Rep. Br.").

## II.    Applicable Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

## III.    Discussion

Maguire argues, first, that Crane's notice of removal was untimely under 28 U.S.C. § 1446(b)(3), and second, that, because she is prepared now to abandon all claims based upon Thomas Maguire's exposure to asbestos during his naval service, this Court lacks subject matter jurisdiction. The Court addresses these arguments in turn.

### A.    Timeliness

Under 28 U.S.C. § 1446(b)(3),

If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

It is undisputed that neither the FAC nor the SAC alleges that Thomas Maguire was exposed to asbestos while serving in the Navy or while working on a Navy vessel.  These pleadings thus did not put Crane on notice that the case was removable.  By contrast, Maguire's interrogatory responses, served on August 19, 2014, clearly supplied such notice, by stating that Thomas Maguire had been exposed to asbestos while serving as a metal smith in the Navy between 1958 and 1961, and later while working as a steamfitter aboard the USS Hornet and USS Kitty Hawk between 1962 and 1963.  Dkt. 10, Ex. 4.  Crane's notice of removal in turn was filed within 30 days of service of these interrogatory responses, as required by § 1446(b)(3).

Maguire, however, argues that the notice of remand was untimely because Crane had prior notice of the case's removability based on a federal-contractor defense.  Maguire notes that, on February 26, 2009, Maguire filed the IFS in the official file within the New York County Clerk's Office, and that this document revealed Maguire's naval service.  Rep. Br. 1.  On this basis, Maguire argues, Crane had "constructive, if not actual knowledge and notice of the official file's contents."  *Id.*

As a matter of law, however, the filing of the IFS did not trigger the 30-day deadline for removal set by § 1446(b).  As the Second Circuit has squarely held, "based on the history and text of section 1446(b), and the historic function of service of process as the official trigger for responsive action by a defendant, the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001).  A defendant need not "look beyond the initial pleading

for facts giving rise to removability." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir.

2010).  Here, the IFS was not served upon Crane, and Crane had "no independent duty to

investigate whether a case is removable." *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749

F.3d 137, 143 (2d Cir. 2014).  As the Supreme Court has held, "receipt [of the relevant

pleadings] unattended by any formal service" would not suffice to trigger the 30-day removal

period. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

     *Hauck v. Advance Auto Parts* is not to the contrary.  No. 12 Civ. 8949 (PAC), 2013 WL

1087220 (S.D.N.Y. Mar. 12, 2013).  In *Hauck*, the 30-day removal period began running after

the Initial Fact Sheet was *served*.  *Id.*  Here, however, the IFS was merely filed within the New

York County Clerk's Office.  There is no claim that Crane was ever served with the IFS.

Crane's notice of removal was, thus, timely.

### B.  Subject Matter Jurisdiction

     The SAC's allegations undisputedly supplied the Court with subject matter jurisdiction.

"It is long settled law that a cause of action arises under federal law only when the plaintiff's

well-pleaded complaint raises issues of federal law." *City of Chicago v. Int'l College of*

*Surgeons*, 522 U.S. 156, 163 (1997).

     But the federal officer removal statute provides an exception to the well-pleaded

complaint rule.  "Under the federal officer removal statute, suits against federal officers may be

removed despite the nonfederal cast of the complaint; the federal-question element is met if the

defense depends on federal law." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

Specifically, this statute provides that "[t]he United States or any agency thereof or any officer

(or any person acting under that officer) of the United States or of any agency thereof, [sued] in

an official or individual capacity for or relating to any act under color of such office" may

remove a case to federal court.  28 U.S.C. § 1442(a)(1).  If the defendant moving for removal is not a federal officer or agency, the defendant must (1) show that it is a "person" as that term is used in § 1442(a)(1); (2) offer a colorable federal defense; and (3) establish that it was 'acting under a federal officer, "which subsumes the existence of a 'causal connection' between the charged conduct and asserted official authority."  *In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  It is further well-settled that a colorable federal government-contractor defense supplies a basis for removal in personal injury cases based on alleged exposure to asbestos.  *See, e.g.*, *Cuomo v. Crane Co.*, No. 13 Civ. 4510, 2014 WL 5859099 (2d Cir. Nov. 13, 2014); *Crosby v. A.O. Smith Water Prods. Co.*, No. 14 Civ. 348 (AJN), 2014 WL 4059815 (S.D.N.Y. Aug. 15, 2014); *Levy v. A.O. Smith Water Prods. Co.*, No. 12 Civ. 5152 (SAS), 2012 WL 2878140 (S.D.N.Y. July 13, 2012).

Here, Maguire's SAC, as amplified by her recent responses to interrogatories, made such a defense available.  The SAC broadly claims that each of the 101 defendants it names was responsible for Thomas Maguire's asbestos exposure.  It does not delimit, temporally, the period of time during which the allegedly actionable exposure occurred.  The claim against Crane thus is fairly read to cover the period of Thomas Maguire's naval service (1958 through 1963).  And Crane, for its part, has proffered evidence, in the form of sworn declarations, that it served as a Navy contractor during that period, and provided products that utilized asbestos during that period pursuant to specifications governing federal contractors.  *See* Dkt. 2, Affidavit of Anthony D. Pantaleoni, at ¶¶ 4–6; Dkt. 2, Affidavit of Samuel A. Forman, at ¶¶ 21–23, 26–81; *see also Curry v. Am. Standard Inc.*, No. 08 Civ. 10228 (GBD), 2009 WL 308029 (S.D.N.Y. Feb. 6, 2009); *Miranda v. ABEX Corp.*, No. 08 Civ. 5509 (SAS), 2008 WL 4778886 (S.D.N.Y. Oct. 31, 2008); *Nesbiet v. Gen. Elec. Co.*, 399 F. Supp. 2d 205 (S.D.N.Y. 2005).

6

Maguire argues, however, that remand is merited because she is now prepared to abandon any claims that could give rise to a federal-contractor defense.  Specifically, Maguire's brief states that she now "expressly disclaim[s] and abandon[s] all claims premised upon [Thomas Maguire's] exposure to asbestos while he served in the United States Navy from 1958 through 1963, including his service aboard the USS Hornet and USS Kitty Hawk."  Pl. Br. 5–6.   This, Maguire argues, means that the Court no longer has subject matter jurisdiction, and thus must remand the case based on 28 U.S.C. § 1447(c), which provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

For two reasons, Maguire's analysis is wrong.  First, the determination whether subject matter jurisdiction exists is properly made on the face and at the time of the Complaint.  A plaintiff's later attempts to narrow the scope of her claims, so as to eliminate federal claims or defenses, do not erase the Court's subject matter jurisdiction.  *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399, 403 (2d Cir. 1963); *State of New York v. Philip Morris Inc.*, No. 97 Civ. 794 (LMM), 1998 WL 2574, at *1 (S.D.N.Y. Jan. 5, 1998).  The later elimination of federal claims and defenses, so as to leave standing only state-law claims, may bear on whether the Court chooses to exercise supplemental jurisdiction, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988); *Philip Morris*, 1998 WL 2574, at *1, but it does not eliminate federal jurisdiction.

Second, the operative pleading in this case is the SAC, and it brings broad-ranging claims against Crane that do not exclude the time of Thomas Maguire's naval service.  Maguire's informal attempt to narrow the scope of her allegations in her memorandum of law is no substitute for an amended complaint to that effect, as "[i]t is well settled that a party may not

amend its pleadings in its briefing papers." *Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, 992 F. Supp. 2d 213, 219 (S.D.N.Y. 2013)*; see also Avillan v. Donahoe*, 483 F. App'x 637, 639 (2d Cir. 2012); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

Accordingly, the Court denies Maguire's motion to remand. The Court retains subject matter jurisdiction, and, pending the filing of an amended complaint, the SAC's allegations continue to make a federal-contractor defense available.

The Court will, however, permit Maguire to file an amended complaint limited to state-law claims that are not subject to a colorable federal-contractor defense. Although the Court would continue to have subject matter jurisdiction upon the filing of such an amended complaint, the issue of whether to exercise supplemental jurisdiction over the remaining state law claims would then squarely be presented.

Under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon,* 484 U.S. at 351. In cases involving abandonment of federal-law claims following removal, "a district court has discretion to remand or not," *Philip Morris*, 1998 WL 2574, at *1, and is to weigh "the values of judicial economy, convenience, fairness, and comity," and consider whether the party seeking remand had engaged in forum manipulation. *Carnegie-Mellon*, 484 U.S. at 350.

Closely on point in this respect is *Frawley v. General Electric. Co.*, No. 06 Civ. 15395 (CM), 2007 WL 656857, at *2 (S.D.N.Y. Mar. 1, 2007). In *Frawley*, plaintiffs, following

removal, abandoned their claims of asbestos exposure to the extent they were based on the plaintiff's naval service. *Id.* Weighing the factors identified in *Carnegie-Mellon*, the district court held that "[f]actors of judicial economy and convenience clearly militate in favor of remanding this case to the New York State Supreme Court," citing that court's familiarity with asbestos cases, including the relevant issues of federal law. *Id.* at *4; *see also id.* at *3 ("[A] properly removed case *can* be remanded to the state court after the complaint is amended to remove the allegations that made removal proper." (citing *Carnegie-Mellon*) (emphasis in original)). Should plaintiffs file an amended complaint that eliminates all federal law claims and thereafter move for remand on the grounds that the Court should not exercise supplemental jurisdiction over the remaining claims, and should such a motion be opposed, the Court would expect counsel to give close attention to the analysis in *Frawley. See also Valencia v. Lee*, 316 F.3d 299 (2d Cir. 2004) (holding that the district court abused its discretion in continuing to exercise supplemental jurisdiction over state-law claims after federal claims had been dismissed); *Spehar v. Fuchs*, No. 02 Civ. 9352 (CM), 2003 WL 23353308, at *7–8 (S.D.N.Y. June 18, 2003).

## CONCLUSION

For the foregoing reasons, Maguire's motion to remand this case to New York State Supreme Court is denied. The Clerk of Court is respectfully directed to terminate all pending motions in this case.

Maguire is granted leave to file, within 10 days, an amended complaint that excludes any claims that give rise to a federal-contractor defense. *See* Fed. R. Civ. P. 15(a)(2). Following the filing of an answer or other responsive pleading, the Court will thereafter entertain a motion to

decline to exercise supplemental jurisdiction and to remand the case to the New York State

Supreme Court.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 21, 2014
New York, New York

10