UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARIE T. MAGUIRE, *as Executrix for the Estate of*
THOMAS K. MAGUIRE, and MARIE T.
MAGUIRE, *Individually*,

                           Plaintiff,

                 -v-

A.C. & S., INC., et al.,

                           Defendants.

------------------------------------------------------------------------X

14 Civ. 7578 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Marie T. Maguire ("Maguire"), individually and as executrix for the estate of her husband, Thomas K. Maguire ("Thomas"), brought this personal-injury action in New York state court for injuries arising out of Thomas's alleged exposure to asbestos. Of the many defendants, one, Crane Co. ("Crane"), removed the case to this Court, based on federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1).

      On October 7, 2015, Maguire moved to remand the case to New York State Supreme Court. Dkt. 9. On November 21, 2014, the Court denied Maguire's motion but granted Maguire leave to amend the Complaint so as to be unambiguously free of any federal claims or defenses, and thereafter to move for remand, on the ground that, with the case at a preliminary stage and all federal claims and defenses removed, the Court should not exercise supplemental jurisdiction over this matter. *See Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323 (S.D.N.Y. 2014) (the "First Remand Decision"). On December 10, 2014, Maguire filed an Amended Complaint along these lines, and, on February 12, 2015, moved to remand. For the reasons that follow, Maguire's second motion to remand is granted.

**I.     Background**[1]

The Court assumes familiarity with the First Remand Decision. The facts and procedural history relevant to the motion now pending are summarized below.

In 1998, Maguire and Thomas filed this action in New York State Supreme Court, in Manhattan. Dkt. 10, Ex. 1. In April 2001, the Maguires filed the FAC, adding Crane, among many corporate entities, as a defendant. *Id.* at Ex. 2. The FAC alleges that Thomas sustained personal injury from asbestos exposure, including from products or insulation manufactured by defendants. *Id.* at Ex. 5. In February 2009, the SAC was filed, substituting Maguire, as executrix of Thomas's estate, for Thomas after Thomas died from lung cancer. *Id.* at Ex. 3.

On August 19, 2014, Maguire served interrogatory responses, asserting, *inter alia*, that Thomas had been exposed to asbestos while he served as a metal smith in the Navy between 1958 and 1961, and later while working as a steamfitter aboard Navy ships between 1962 and 1963. *Id.* at Ex. 5. On September 18, 2014, Crane filed a notice of removal to this Court, on the ground that Crane was entitled to assert a federal-contractor defense. Dkt. 2. On October 7, 2014, Maguire moved to remand pursuant to 28 U.S.C. § 1447(c). Dkt. 10.

---

[1] These background facts are drawn from the First Amended Complaint ("FAC") and Second Amended Complaint ("SAC") (Dkt. 10, Ex. 2–3) filed in New York State Supreme Court, as well as the Amended Complaint ("Am. Compl.") (Dkt. 47) filed in this Court. In resolving this motion, the Court treats all facts alleged in these pleadings as true. *See Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (citations omitted)). The Court also considered documents attached to Maguire's memorandum of law in support of her remand motion (Dkt. 63) ("Maguire Br.") and the declarations attached to Crane's notice of removal (Dkt. 2). *See Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. March 26, 2002), *reconsideration denied*, 2002 WL 541006 (S.D.N.Y. Apr. 8, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, federal courts may look outside the pleadings to other evidence in the record," and therefore the court will consider "material outside of the pleadings" submitted on a motion to remand).

On November 21, 2014, the Court denied Maguire's motion, finding that it retained subject matter jurisdiction over the matter "on the face and at the time of the Complaint," and that Maguire's "informal attempt to narrow the scope of her allegations in her memorandum of law [was] no substitute for an amended complaint to that effect . . . ." *Maguire*, 73 F. Supp. 3d at 328. However, the Court granted Maguire leave to amend her Complaint so as to remove any federal claims or defenses, and thereafter to move for remand. *Id.* at 329.

On December 10, 2014, Maguire filed an Amended Complaint. Dkt. 47 ("Am. Compl."). On February 12, 2015, Maguire moved to remand, Dkt. 59, and filed a supporting brief, Dkt. 63 ("Maguire Br."). On February 27, 2015, Crane filed its opposition. Dkt. 67 ("Crane Br."). No reply was filed.

## II. Applicable Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

## III. Discussion

Maguire argues that because she has abandoned all claims that could give rise to a federal-contractor defense, the Court should decline to exercise supplemental jurisdiction over this matter. Crane, however, contends that Maguire has not fully abandoned the claims giving rise to that defense. Crane alternatively asserts that, even if Maguire has done so, the Court

should retain supplemental jurisdiction and thereby decline to remand this case to state court. The Court addresses these issues in turn.

### A. Abandoning Claims

In the First Remand Decision, the Court granted Maguire permission "to file an amended complaint limited to state-law claims that are not subject to a colorable federal-contractor defense." *Maguire*, 73 F. Supp. 3d at 328.

Here, Maguire asserts that, in the Amended Complaint, she has abandoned all claims that could give rise to a federal-contractor defense. Specifically, to each cause of action, Maguire has added the following text: "No Claims Are Made for Asbestos Exposures Which Are Alleged to Have Occurred Aboard Any Military Vessel or Vehicle, on or at Any Shipyard or on or at Any Governmental Facility or Location" (the "abandonment language"). Am. Compl. at 8, 12–13, 15, 17, 22, 25–26. Maguire contends that, by adding this language, she has "explicitly, unambiguously, and repeatedly abandon[ed] any and all claims premised upon [Thomas's] exposure to asbestos 'aboard any military vessel or vehicle, on or at any shipyard or on or at any governmental facility or location.'" Maguire Br. 4. Therefore, Maguire asserts, her claims are limited only to those based on Thomas's alleged exposure to asbestos while working as an engineer's helper/steamfitter at commercial and residential sites and powerhouses between 1964 and 1983, and that she has expressly abandoned all claims related to Thomas's alleged asbestos exposure while serving in the Navy between 1958 and 1963, which service had supplied the sole basis for Crane's removal. *Id.*

Courts consistently have held that such an explicit abandonment sufficiently excises the claims that led to removal on the grounds of a federal-contractor defense as to justify remand. Among many examples, in *Phillips v. Asbestos Corp. Ltd.*, Crane, a defendant there too, had

removed to federal court by invoking its federal-contractor defense. No. 13 Civ. 5655 (CW), 2014 WL 794051, at *1 (N.D. Cal. Feb. 26, 2014). The plaintiff then filed a complaint, in which he "expressly waived claims against Crane relating to his exposure to asbestos at military and federal government jobsites or from U.S. military vessels, aircraft or equipment." *Id.* The district court held that this act was sufficient to eliminate the relevant claims. It stated that, by "expressly . . . waiv[ing] any claim arising out of or related to asbestos exposure aboard federal jobsites and navy vessels," the plaintiff had "remove[d] any claims to which military contractor immunity might act as a defense." *Id.* at *2. The court accordingly granted the motion for remand, stating that it "s[aw] no reason not to hold [the plaintiff] to this waiver" and noting that in many asbestos cases involving claims originally subject to a federal-contractor defense, remand has been held appropriate following similar waivers. *Id.*[2]

---

[2] A partial list of such cases includes: *Dougherty v. A.O. Smith Corp.*, No. 13 Civ. 1972 (SLR) (SRF), 2014 WL 3542243, at *10, *14–15 (D. Del. July 16, 2014), *report and recommendation adopted sub nom. Dougherty v. A.O. Smith Corp.*, No. 13 Civ. 1972 (SLR), 2014 WL 4447293 (D. Del. Sept. 8, 2014) (A "number of federal courts . . . have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which the federal officer removal was based." The court was not "aware of [] any case in which a federal court has rejected on the merits an express disclaimer of claims relating to asbestos exposure on federal jobsites and military vessels/aircrafts."); *Schulz v. Crane Co.*, No. 13 Civ. 2379 (KJM) (AC), 2014 WL 280361, at *1–2 (E.D. Cal. Jan. 23, 2014) (plaintiff's waiver of claims "arising out of or related to asbestos exposure to or on military or federal government aircraft" precluded federal officer removal); *Kuhnau v. Allied Packing & Supply, Inc.*, No. 13 Civ. 1669 (EMC), 2013 WL 3187650, at *1 (N.D. Cal. June 21, 2013) (granting remand, conditioned upon plaintiffs' filing of a proposed disclaimer that waived all claims arising out of "exposure to asbestos at any military and/or federal government jobsites, including, but not limited to exposure which occurred aboard any United States Navy Vessels and/or United States Navy Shipyards"); *Lockwood v. Crane Co.*, No. 12 Civ. 1473 (JHN) (CW), 2012 WL 1425157, at * 1–2 (C.D. Cal. Apr. 25, 2012) (plaintiff's waiver of any claims "relating to or arising out of plaintiff's asbestos exposure at military and federal government jobsites or from U.S. military or other government vessels," filed shortly after removal, was sufficient to justify remand); *Powers v. Allis-Chalmers Corp. Prod. Liab. Trust*, No. 10 Civ. 1921 (CW), 2010 WL 2898287, at *2 (N.D. Cal. July 21, 2010) (plaintiff's signed declaration waiving claims "arising out of or related to asbestos exposure to or on military or federal government aircraft" precluded federal officer removal); *Madden v. A.H. Voss Co.*, No. 09 Civ. 3786 (JSW), 2009 WL 3415377, at *2 (N.D. Cal. Oct. 21, 2009) (granting remand

Crane, however, argues that Maguire has failed to properly dismiss the claims themselves over which the Court held it had original jurisdiction. Crane Br. 4. Specifically, Crane contends that Maguire's inclusion of the abandonment language in the Amended Complaint so as to limit the reach of the nine causes of action is insufficient to constitute a "dismiss[al]" of those claims within the meaning of §1367(c)(3). *Id.* at 4–6. Section 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Crane argues that Maguire has "dismissed nothing," but has merely "made a promise in her pleading not to pursue certain factual allegations." Crane Br. 4. Crane chiefly relies on the decision in *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir.

---

based on plaintiff's disclaimer of claims, and acquiescence to dismissal of a particular defendant, relative to allegations of "asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels"); *Pratt v. Asbestos Corp. Ltd.*, No. 11 Civ. 3503 (EMC), 2011 WL 4433724, at *1–2 (N.D. Cal. Sept. 22, 2011) ("Plaintiff's waiver has rendered any federal defenses moot. There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims."); *Debrocke v. Allis-Chalmers Corp. Prod. Liab. Trust*, No. 09 Civ. 1456 (CW), 2009 WL 1464153, at *2 (N.D. Cal. May 26, 2009) (granting remand where plaintiffs "expressly disclaimed and waived [in the complaint] any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels"); *Westbrook v. Asbestos Defendants (BHC)*, No. 01 Civ. 1661 (VRW), 2001 WL 902642, at *3 (N.D. Cal. July 31, 2001) (express disclaimer "eviscerated" defendant's ground for removal, therefore justifying remand); *cf. Smith v. Anchor Packing Co.*, No. 08 Civ. 7219 (GEL), 2008 WL 4899258, at *1 (S.D.N.Y. Nov. 12, 2008) (granting motion to remand where "[h]ere, as in *Carnegie-Mellon*, the only federal claim or defense supporting jurisdiction was eliminated after removal"); *Fordham v. Asbeka Indus.*, No. 12 Civ. 1145 (PAE) (S.D.N.Y. May 31, 2012), Dkt. 42 (remand order) ("The sole basis for federal jurisdiction—the removing defendants' federal officer defense—has been eliminated . . . . All that remains in this case are state-law claims and state-law defenses, and thus remand is warranted.").

1998) to contend that Maguire's abandonment language is not tantamount to a dismissal of the pertinent allegations on which removal had been held proper. Crane Br. 4.

*Itar-Tass*, however, is readily distinguished. There, the Second Circuit held that a district court, in declining to exercise supplemental jurisdiction, must identify a "factual predicate[] which corresponds to one of the subsection 1367(c) categories" before proceeding to the discretionary analysis of whether to continue to exercise supplemental jurisdiction. 140 F.3d at 446 (quoting *Executive Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1556–57 (9th Cir. 1994)) (citations omitted). It held that declining to exercise supplemental jurisdiction was error because "[i]n rendering its decision, the district court made no reference to 28 U.S.C. § 1367(c)." *Id.* at 444; *see also Cent. Synagogue v. Turner Constr. Co.*, 64 F. Supp. 2d 347, 351 (S.D.N.Y. 1999) ("*Itar-Tass* simply holds that a judge cannot decline supplemental jurisdiction as a matter of discretion for any reason other than those reasons enumerated in 1367(c)."). *Itar-Tass* does not address the issue, relevant here, of whether a claim in an Amended Complaint that contains express language abandoning the claims subject to a federal-contractor defense is sufficient to satisfy the § 1367(c) category for "dismissed . . . claims." Moreover, unlike here, the *Itar-Tass* plaintiffs did not attempt to dismiss their federal claims; on the contrary, these claims were "sustained five months after the motions involving supplemental jurisdiction were served." 140 F.3d at 448. In sum, *Itar-Tass* does not specify what constitutes a proper dismissal under § 1367(c)(3). Provided that there is—and the Court finds—a proper dismissal under § 1367(c), the Circuit's directive in *Itar-Tass* will have been met, and the Court may proceed to consider whether to exercise supplemental jurisdiction.[3]

---

[3] The other cases that Crane cites are similarly inapposite to whether Maguire's dismissal was improper. *See Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (holding that a federal claim was

Crane also argues that Maguire's abandonment language was insufficient to dismiss the federal claims because it only abandons claims of asbestos exposure as to certain categories of sites. Crane Br. 5. Thus, Crane contends, it is still theoretically possible that Thomas—at some venue other than "Aboard Any Military Vessel or Vehicle, on or at Any Shipyard or on or at Any Governmental Facility or Location"—worked on products that Crane supplied to the Navy, for which a federal-contractor defense could apply. *Id.* But courts have consistently held such broad abandonment language sufficient to constitute abandonment of claims subject to a federal-contractor defense, *see supra*, p. 5 & n.2, and it is wholly conjectural that Thomas was exposed to asbestos in some other setting. And Crane does not cite any authority to the effect that such an exclusion is incomplete. Moreover, Crane based its removal of this case on claims of exposure occurring at such sites; with all removed from the scope of the Amended Complaint, Crane's basis for asserting federal jurisdiction has been eliminated. *See Hopkins v. Buffalo Pumps, Inc.*, No. 09 Civ. 181 (WES), 2009 WL 4496053, at *7 (D.R.I. Dec. 1, 2009) (plaintiffs were no longer "pursuing a claim against which [the removing defendant had] shown the existence of a colorable federal defense" once plaintiffs "disclaimed claims against [the defendant] arising out of work on Navy ships"); *Westbrook v. Asbestos Defendants (BHC)*, No. 01 Civ. 1661 (VRW), 2001 WL 902642 (N.D. Cal. July 31, 2001) (similar). Accordingly, the Court holds, Maguire in the Amended Complaint has abandoned all claims that could give rise to a federal-contractor defense.

---

not dismissed when the court granted default judgment in favor of the plaintiff); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir. 2006) (similar).

### B. Discretion to Exercise Supplemental Jurisdiction

Although the Court retains subject matter jurisdiction because a federal-contract defense was available based on the claims brought in the original Complaint, the allegations that made Crane's removal proper have since been eliminated. Only state-law claims and defenses remain. In this circumstance, and with the case at an early stage, as the Court explained in the First Remand Decision, there are compelling reasons to decline to exercise supplemental jurisdiction over the remaining claims. *See Maguire*, 73 F. Supp. 3d. at 329.[4]

Crane counters that the Court should elect to exercise supplemental jurisdiction because, in seeking remand, Maguire has engaged in "forum manipulation." Crane Br. 8–9. Crane relies on *Payne v. Parkchester North Condominiums*, which denied a motion to remand where plaintiffs "ha[d] manifestly resolved to manipulate their forum without any reasonable or fair justification." 134 F. Supp. 2d 582, 586 (S.D.N.Y. 2001). The district court there reasoned that "plaintiffs must have known that they were advancing federal claims, for they invoked the United States Constitution in three logical places in their complaint. In doing so, they risked removal." *Id.* Further, plaintiffs there "waited over seven months to file for remand, some discovery [had] already occurred under the Federal Rules, and [that] Court [had] become quite familiar with the case through pre-motion conferences." *Id.* at 587 (emphasis omitted).

---

[4] In the First Remand Decision, the Court noted that, upon Maguire's filing an amended complaint that abandoned all federal-law claims, the Court would have "a powerful reason to choose not to continue to exercise [supplemental] jurisdiction." *Id.* at 328–29 (citing *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 351 (1987)). Specifically, "[a] properly removed case can be remanded to the state court after the complaint is amended to remove the allegations that made removal proper." *Id.* at 329 (quoting *Frawley v. Gen. Elec. Co.*, No. 06 Civ. 15395 (CM), 2007 WL 656857, at *2 (S.D.N.Y. Mar. 1, 2007) (citing *Carnegie-Mellon*, 484 U.S. at 343)) (emphasis omitted). That is, the Court declines to exercise supplemental jurisdiction because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Such is not the case here. Unlike the plaintiffs in *Payne*, Maguire never brought any federal constitutional claims in state court. Also unlike the plaintiffs in *Payne*, Maguire filed her motion to remand promptly, before any discovery had been conducted and indeed before an initial pretrial conference had been held. Maguire thus did not "postpone the litigation, waste judicial resources, and perhaps cause inconsistencies in discovery procedure," the factors which led the *Payne* court to retain supplemental jurisdiction. *Id.*

Crane separately argues that retention of supplemental jurisdiction is justified because cross-claims exist in this case. Crane Br. 10. But the New York State Supreme Court is "perfectly capable of applying the correct law (which is federal law) . . . if cross-claims are asserted against [Crane] based on . . . work with the Navy." *Frawley v. Gen. Elec. Co.*, No. 06 Civ. 15395 (CM), 2007 WL 656857, at *5 (S.D.N.Y. Mar. 1, 2007). And courts in this District have granted remand motions despite the existence of cross-claims against the removing defendant. *See, e.g.*, *Anchor Packing Co.*, 2008 WL 4899258, at *1 (granting motion to remand despite defendant's argument that "dismissal was improper without its consent, as it had asserted a cross-claim . . . before the dismissal). The Court therefore declines to exercise supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, Maguire's motion to remand this case to New York State Supreme Court is granted. The Clerk of Court is respectfully directed to remand this action to the Supreme Court for the State of New York, New York County, terminate the motion pending at docket number 59, and close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 18, 2015
       New York, New York